IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XINCHUN SUN,

              Petitioner,

    v.

JOHN E. RIFE, *et al.*

              Respondents.

3:26-CV-00420-CCW

## **ORDER**

Before the Court is Petitioner's Motion to Enforce this Court's March 20, 2026 Order. ECF No. 13. Petitioner is a noncitizen detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. ECF No. 1. In the Petition, Petitioner requested, *inter alia*, an individualized bond hearing pursuant to 8 U.S.C. § 1226. *Id.* On March 20, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226, and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge ("IJ") within seven days. ECF No. 10. On March 27, 2026, Petitioner received a bond hearing before an IJ, who determined that Petitioner was a flight risk and denied bond. ECF No. 13 ¶¶ 5–6.

On April 3, 2026, Petitioner filed a Motion to Enforce the March 20, 2026 Order. ECF No. 13. Petitioner argues the March 27, 2026 bond hearing violated his Fifth Amendment due process rights because the IJ's flight risk finding focused on "nonprecedential considerations not presented by the record before him or reasonably connected to the issue of flight risk[,]" namely, the IJ's concerns regarding potential forum shopping and Petitioner's failure to submit notification of his change of address. *Id.* ¶ 8–15. In response to Petitioner's Motion, Respondents argue the

audio recordings of the March 27, 2026 bond hearing confirm that it complied with Petitioner's due process rights.  ECF No. 15 at 2–3.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").  The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present:  (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee;  (2) the detainee is allowed to make arguments on his or her behalf;  and (3) the IJ makes an individualized determination of the detainee's interests.  *Ghanem*, 2022 WL 574624 at *2;  *see also Quinteros*, 784 F. App'x at 78.  Accordingly, this Court's review of the March 27, 2026 bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

After reviewing audio recordings of the March 27, 2026 hearing,[1] the Court concludes that the hearing was fundamentally fair.  First, the IJ's factfinding was based on a record produced before the IJ and disclosed to Petitioner.  Second, the IJ gave Petitioner the opportunity to present arguments as to why he is not a flight risk.  ECF No. 13 ¶ 5.  Finally, the IJ made an individualized determination of Petitioner's interests, ultimately determining that Petitioner was a flight risk

---

[1] Respondents provided the Court with audio recordings of the March 27, 2026 hearing.  ECF No. 17.

because of, *inter alia*, uncertainty about where Petitioner was living and his failure to update his address with the government.  Thus, the March 27, 2026 bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce the Court's March 20, 2026 Order, ECF No. 13, is DENIED.

DATED this 20th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record